UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PRISCILLA M. GREEN,

        Plaintiff,

        v.                                                  11-CV-269(LJV)(LGF)

AVIS BUDGET GROUP, INC.,
CHRISTOPHER NEUDORF,
CHRISTOPHER CHAPPELL,
SEAN BISHOP,
GARY DEMPSEY, and
JOE DONNELLY,

        Defendants.
_____

## ORDER

On October 29, 2014, the Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 119. On December 4, 2015, this case was reassigned from Judge Arcara to the undersigned. Docket Item 185. Pending before this Court are the plaintiff's objections to Judge Foschio's report and recommendation ("R&R"), which recommends granting summary judgment in favor of the defendants. Docket Item 224.

## PROCEDURAL HISTORY

The defendants moved for summary judgment on July 24, 2015. Docket Item 169. On November 4, 2015, the plaintiff, *pro se*, responded to the defendants' motion and moved "to dismiss the Defendants' 'Summary Judgment.'" Docket Item 180. About two weeks later, on November 16, 2015, the plaintiff requested an extension of time to

submit exhibits in opposition to the defendants' motion for summary judgment. Docket Item 181. Judge Foschio granted that request. Docket Item 183. The plaintiff then requested—and Judge Foschio granted—five additional extensions of time. *See* Docket Items 184-92. According to the latest of these, the plaintiff's exhibits were due on January 11, 2016, with the defendants' reply due on January 29, 2016. *See* Docket Item 192. After the plaintiff's deadline came and went without any submissions, the defendants nevertheless submitted timely reply papers on January 27, 2016. *See* Docket Item 193.

On January 29, 2016, the plaintiff filed a motion requesting that the Court accept the belated exhibits. *See* Docket Item 194. The defendants opposed the motion and cross-moved to strike. *See* Docket Item 195. The plaintiff thereafter requested—and Judge Foschio granted—nine extensions of time in connection with the briefing of these ancillary motions. *See* Docket Items 198-218. The last of Judge Foschio's orders granting such an extension strongly advises, in bold font and all capital letters, that "absolutely no additional extensions of time in which to file her response/reply to defendants' motion (Dkt. 195) shall be granted for any reason . . . ." Docket Item 218. Despite that, the plaintiff requested two more extensions, which Judge Foschio denied via text orders. *See* Docket Items 219-22. And following that, on December 22, 2016, the plaintiff filed another "motion to dismiss defendants' summary judgment [motion]" along with a "request for a change in judges due to prejudice." Docket Item 223.

On January 4, 2017, Judge Foschio issued his R&R, finding that the defendants' motion for summary judgment should be granted and that the plaintiff's motion to

2

dismiss the summary judgment motion should be denied. *See* Docket Item 224. In that R&R, Judge Foschio also denied the plaintiff's motion to file the belated exhibits and granted the defendants' cross-motion to strike. *See id.*[1] Then, in a separate decision and order ("D&O"), Judge Foschio dismissed as moot the plaintiff's December 22, 2016 motion to dismiss the defendants' summary judgment motion and denied the plaintiff's request for recusal. Docket Item 225.

On February 3, 2017, the plaintiff filed objections to Judge Foschio's R&R, as well as an appeal of his D&O, after the deadline to file those objections and that appeal had expired. *See* Docket Item 227. This Court nevertheless excused the late filings and heard oral argument on April 4, 2017.

## DISCUSSION

With respect to dispositive matters, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). With respect to non-dipositive matters, a district court "may reconsider" the magistrate judge's decision only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).

---

[1] Docket Item 224 is correctly and appropriately captioned as a combined "Report and Recommendation / Decision and Order." But this Court will refer to it as the R&R for the sake of brevity and to differentiate it from Docket Item 225.

This Court now has carefully reviewed Judge Foschio's R&R, his D&O, the parties' submissions to him, and the plaintiff's objections and appeal. Based on that review, this Court accepts and adopts Judge Foschio's recommendation to grant the defendants' motion for summary judgment and to deny the plaintiff's motions to dismiss the summary judgment motion. This Court further finds that there is no basis to reconsider Judge Foschio's orders or to grant the plaintiff's request for recusal.

The complaint alleges that Avis and its co-defendants racially discriminated against the plaintiff in her employment with the car-rental company. As Judge Foschio correctly noted, however, the only adverse employment action alleged by the plaintiff was the termination of her employment, and that action was based on the plaintiff's deficient performance of her duties. More specifically, after a rental-car customer paid in cash, the plaintiff asked the customer's 18 year-old child to accompany the plaintiff into a back office, watch the plaintiff count the cash, and then watch her put the cash into a safe. After the customer complained in writing, Avis determined that the plaintiff's actions violated company policy and had put both the company and the child at risk. Other than her own conclusory assertions, the plaintiff offered no evidence to the contrary, nor did she offer any evidence that the company's decision to terminate her for misconduct was a pretext for discrimination.

Likewise, the plaintiff's vague assertions of retaliation fail to raise any question of material fact on that issue. And the plaintiff's allegations of a hostile work environment, even if true, also are insufficient as a matter of law. Indeed, one of the allegations to which the plaintiff repeatedly referred at oral argument and one that seems to trouble

4

her a great deal—taking her to "secluded places" to reprimand her privately—not only lacks any connection to racial discrimination but seems to be a good and considerate business practice.

This Court is cognizant of the fact that the plaintiff is proceeding *pro se* and for that reason has given the plaintiff and her submissions every benefit of the doubt. But even litigants representing themselves must raise legitimate issues in objecting to a magistrate judge's report and recommendation or appealing a magistrate judge's decision. Here, the plaintiff does not even approach that minimal showing. For example, the exhibits she attached to her objections either are completely irrelevant (e.g., three letters she wrote to National Fuel Gas Company, apparently to show this Court the challenges she faces while unemployed) or simply rehash her submissions to the magistrate judge (e.g., three letters to elected officials that attempt to enlist their assistance). For that reason alone, the plaintiff's objections do not warrant serious consideration, let alone the careful review that they nevertheless have been given. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.") (quoting *Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district

court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.")

Finally, the plaintiff's request to recuse Judge Foschio is wholly without merit. The plaintiff seems to suggest that Judge Foschio is not impartial, but she offers not one word in support of that bald assertion. What is more, Judge Foschio was nothing if not patient with and deferential to the plaintiff, having given her more than a dozen extensions of time in response to her repeated requests. In sum, there is no reason to believe that Judge Foschio was biased against the plaintiff and every reason to believe that he was not.

## CONCLUSION

For the reasons stated above and in Judge Foschio's R&R and D&O (Docket Items 224 & 225), the defendants' motion for summary judgment (Docket Item 169) is granted; the plaintiff's motions to dismiss the defendants' summary judgment motion are denied; Judge Foschio's non-dispositive orders (including his declining to recuse himself) are affirmed; the complaint is dismissed; and the Clerk of Court is instructed to close the case.

SO ORDERED

Dated: April 24, 2017
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATED DISTRICT JUDGE